UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
DARINIQUE MOORE,
*on behalf of herself and others similarly situated,*

              Plaintiff,

    v.

FQSR, LLC D/B/A KBP FOODS,

              Defendant.
------------------------------------------------------------- X

**NOTICE OF REMOVAL**

Case No.

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446, Defendant FQSR, LLC D/B/A KBP Foods ("Defendant"), by its counsel, hereby removes the above-captioned action from the Supreme Court of the State of New York, Bronx County, to this Court. The grounds for removal are as follows:

**I.  Proceedings to Date.**

1. On June 28, 2024, Plaintiff Darinique Moore ("Plaintiff") filed a Summons and Complaint in the Supreme Court of the State of New York, Bronx County, captioned Darinique Moore, on behalf of herself and others similarly situated, Plaintiff, against FQSR, LLC D/B/A KBP Foods, Index No. 810447/2024E.

2. Service was effectuated upon Defendant on July 3, 2024.

3. This Notice of Removal is timely filed within 30 days of service of the Summons and Complaint on Defendant and therefore is timely pursuant to 28 U.S.C. § 1446 (b) (1). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

4. Pursuant to 28 U.S.C. § 1446 (a), a copy of the state court Complaint, state court summons, and state court docket sheet, which is all the process, pleadings, and orders that have

been served on Defendant to date, are attached hereto as Exhibit A, State Court Complaint; Exhibit B, State Court Summons; and Exhibit C, State Court Docket Sheet.

## II.     Grounds for Removal – Federal Question Jurisdiction and Supplemental Jurisdiction

5.    The State Court Action may be removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has original federal question jurisdiction under 28 U.S.C. § 1331.

6.    In her Class Action Complaint, Plaintiff asserts (among others) claims against Defendant pursuant to the Fair Labor Standards Act ("FLSA"). *See* Pl.'s Compl., Exhibit "A," ¶¶ 124 - 129. Accordingly, this Court has original federal question jurisdiction over Plaintiff's claims pursuant to the Fair Labor Standards Act, 29 U.S.C. and New York City Admini under 28 U.S.C. § 1331 because these claims arise under the laws of the United States of America.

7.    Further, pursuant to 28 U.S.C. 1367 (a), this Court should exercise supplemental jurisdiction over Plaintiff's remaining claims. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]").

8.    In addition to his FLSA claim, Plaintiff's Complaint asserts state law claims under New York Labor Law ("NYLL") and New York City Administrative Code ("NYC Admin. Code"). *See* Pl.'s Compl., Ex. A, ¶¶ 84-123. Plaintiff's NYLL and NYC Admin. Code claims are based on the same factual assertions and are so related to the federal claims in this action that they are within this Court's original jurisdiction in that they form part of the same case or controversy under Article III of the Constitution. *See Gold Town Corp. v. United Parcel Serv., Inc.*, 519 F. Supp. 3d 169, 178 (S.D.N.Y. Feb. 2, 2021) ("exercise of supplemental jurisdiction [i]s proper where plaintiff's state and federal claims arose 'out of approximately the same set of events'")

(quoting *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011)). This Court, therefore, has supplemental jurisdiction of Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367(a).

9. Based on the claims and factual allegations in Plaintiff's Complaint, Plaintiff's state court action is properly removed to this Court pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), and 1446.

### III. Venue.

10. This action is currently pending in the Supreme Court of the State of New York, Bronx County, which is within this judicial district. 28 U.S.C. § 112 (b). This Court is accordingly the proper venue for removal.

### IV. Notice.

11. Pursuant to 28 U.S.C. § 1446 (d), a true and correct copy of this Notice of Removal is being submitted for filing with the Clerk of the Supreme Court of the State of New York, Bronx County, and is being served upon Plaintiff's counsel of record.

### V. Conclusion.

12. For the foregoing reasons, Defendant hereby removes this action from State Court to this Court.

13. By filing this Notice of Removal, Defendant does not waive any defects in service of process, venue, or personal jurisdiction, nor do they waive any other defenses available to them.

Dated: July 31, 2024

Respectfully submitted,

By: *s/ Amanda M. Blair*
Amanda M. Blair

**FISHER & PHILLIPS LLP**
7 Times Square, Suite 4300
New York, NY 10036
(212) 899-9989
ablair@fisherphillips.com

J. Randall Coffey
*Pro hac vice* admission to be submitted.

**FISHER & PHILLIPS LLP**
4622 Pennsylvania Ave., Suite 910
Kansas City, Mo 64112
Phone: (816) 460-1232
E-Mail: rcoffey@fisherphillips.com

AND

Mitch Spencer
*Pro hac vice* admission to be submitted.

**FISHER & PHILLIPS LLP**
4622 Pennsylvania Ave., Suite 910
Kansas City, Mo 64112
Phone: (816) 460-0205
E-Mail: mspencer@fisherphillips.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 31, 2024, I caused to be electronically filed a true and correct copy of the Notice of Removal and exhibits thereto to be electronically filed with the Clerk of the Court for the United States District Court for the Southern District of New York, which was also served via Federal Express, on:

Attn.: Clara Lam, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175
clam@bkllawyers.com

                                                _s/ Amanda M. Blair_
                                                Amanda M. Blair