# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "**Agreement**") is entered into by and between FQSR, LLC d/b/a KBP Foods (the "**Company**") and Darinique Moore ("**Moore**") (collectively referred to hereinafter as the "**Parties**").

**WHEREAS** Moore is a former Cashier and Shift Manager for the Company;

**WHEREAS**, on June 28, 2024, Moore filed a lawsuit in the Supreme Court of the State of New York, County of Bronx, Index No. 810447/2024E, (the "**Lawsuit**") both on behalf of herself and similarly situated workers. Moore brought causes of action on behalf of herself and similarly situated workers pursuant to New York Labor Law alleging failure to pay full wages including overtime, failure to pay the spread-of-hours premium, and failure to pay uniform maintenance pay; pursuant to the New York City Fair Workweek Law under NYC Administrative Code alleging failure to provide written work schedules fourteen days in advance, failure to pay schedule change premiums, failure to pay "clopenings" premiums, and failure to offer shifts to current employees before hiring new fast food employees; pursuant to New York Labor Law alleging failure to provide required Wage Theft Protection Act Notices and failure to provide required Wage Theft Protection Act Statements; retaliation in violation of New York Labor Law; and retaliation on her own behalf for violation of the Fair Labor Standards Act;

**WHEREAS**, the Company denies and disputes the allegations and claims in the Lawsuit and any claims that could have been asserted by Moore as a result of Moore's employment with the Company, the separation of her employment with the Company, or any employment relationship between Moore and the Company;

**WHEREAS**, on July 31, 2024, the Company removed the Lawsuit to the United States District Court for the Southern District of New York, Case No. 1:24-cv-05835;

**WHEREAS**, on August 7, 2024, the Company filed a Motion to Compel Arbitration in the United States District Court for the Southern District of New York, noting that Moore signed an Arbitration Agreement in which the Parties agreed to settle all disputes between them by binding arbitration and that all claims must be brought in the individual capacity of Moore or the Company;

**WHEREAS**, the Parties now wish to resolve fully all retaliation claims that have been or could have been brought against the Company by Moore arising under the Fair Labor Standards Act, as amended ("FLSA") and the New York Labor Law ("NYLL"), on the terms and conditions set forth in this Agreement;

**WHEREAS**, solely in order to avoid the costs and expenses inherent in litigation and arbitration, the Parties desire to fully, finally and forever compromise and settle any and all retaliation claims, controversies and disputes under the FLSA and NYLL, including all retaliation claims asserted in the Lawsuit; and

**WHEREAS**, the Parties have reached an agreement to settle all of Plaintiff's retaliation claims under the FLSA and NYLL; and

NOW, THEREFORE, in consideration of the mutual covenants, agreements and promises set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby mutually agree as follows:

1. **Settlement Payment**. To the extent that payment has not been remitted, within thirty (30) days of the Effective Date as defined herein, the Company will make payment to Moore in the amount of *Ten Thousand Two Hundred and Sixty-Three Dollars and Eight Cents* ($10,263.08) ("**Settlement Funds**"). This sum shall be allocated as follows:

    (a) The sum of *Three Thousand, Three Hundred and Thirty-Three Dollars and 33/100 Cents* (**$3,333.33**), less all applicable tax withholding, payable to Darinique Moore, as a full and complete satisfaction for her claims for lost wages, premiums, and compensation, for which an IRS Form W-2 shall issue to Moore;

    (b) The sum of *Three Thousand, Three Hundred and Thirty-Three Dollars and 34/100 Cents* (**$3,333.34**) payable to Darinique Moore, for which an IRS Form 1099 shall issue to Moore; and

    (c) The sum of *Three Thousand, Five Hundred and Ninety-Six Dollars and 41/100 Cents* (**$3,596.41**) payable to Brown, Kwon, and Lam, LLP for Moore's attorney's fees and costs, of which $263.08 represents costs.

2. **Tax Liability and Indemnification.** Moore shall be solely and completely responsible for any tax liabilities, including interest and penalties, if any, incurred by Moore or the Company which may arise as a result of the characterization of the Settlement Funds described in paragraph 1. Moore acknowledges that no warranties, promises or assurances of any nature have been made to her regarding any potential tax consequences of the payment of Settlement Funds described in paragraph 1.

3. **Stipulation of Dismissal with Prejudice**. Within seven (7) days of Moore's receipt of the Settlement Funds, Moore shall file a stipulation of dismissal with prejudice with each party to bear her or its own costs and attorneys' fees if the Court did not already dismiss the Lawsuit with prejudice following approval of the Agreement.

4. **Waiver and Release of Retaliation Claims by Moore**. For valuable consideration from the Company, as set forth in this Agreement, Moore, for herself and for her heirs, executors, administrators, successors, and assigns, hereby waives, releases, and forever discharges the Company, and any and all of its respective parent companies, subsidiaries and related entities, officers, directors, shareholders, persons, employees, agents, servants, representatives, members, attorneys, professional employer organizations, insurers, re-insurers, assigns, and any and all other entities with whom the Company has been or are now affiliated (collectively referred to hereinafter as the "**Releasees**") from any and all retaliation causes of action, claims, demands, charges, or liabilities of any kind, whether express or implied, vested or contingent, known or unknown, which Moore has or may have against the Releasees, for any acts or omissions, including, but not limited to, wrongful termination pursuant to retaliation and constructive discharge, and attorneys' fees and

2

costs related to such claims arising under the New York Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the New York Labor Law through the date this Agreement is executed by all Parties.

5.  **Other Claims**. Moore represents and warrants that she has filed no claims, charges, grievances, or causes of action of any kind against the Company and/or any other Releasees, other than the Lawsuit, which Moore agrees to the dismissal of with prejudice. Moore further represents and warrants that she is not currently aware of any facts or circumstances that would give rise to a workers' compensation claim against the Company and/or any other of the Releasees.

6.  **Neutral Reference**. The Company agrees to respond to any inquiries from prospective employers of Moore by providing only Moore's dates of employment and positions held, provided any such inquiries are directed only to the Human Resources Department of the Company, specifically to lgregory@kbpbrands.com.

7.  **Non-Admission of Liability**. It is understood and agreed that this Agreement is a compromise of disputed claims, that the Parties and any other person or entity released herein denies any liability for the claims that have been asserted, and nothing contained herein is to be construed as an admission of liability or responsibility on the part of any Party or any other person or entity released herein.

8.  **Medicare Disclosure, Representation and Indemnification**. The Parties resolved this matter in compliance with both federal and state law. The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms. Moore affirms, represents, and warrants that she is not a Medicare beneficiary at the time she enters into this agreement. Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determine that Medicare has an interest in the payments to Moore under this settlement, Moore agrees to (i) reasonably cooperate with the Releasees upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim that the CMS may make, and (ii) waive any and all future actions against the Company and the other Releasees for any private cause of action for damages pursuant to 42 U.S.C. Sec. 1395y(b)(3)(A).

9.  **Effective Date**. This Agreement will become final and binding following the Company's counsel receiving the following: (i) a fully executed copy of this Agreement, signed by Moore, (ii) a fully executed W-9 and W-4 tax forms for Moore, (iii) and a fully executed W-9 for Moore's counsel, provided that the Court has approved this Agreement.

10.  **Attorney's Fees**. Neither this Agreement, nor the settlement memorialized herein, shall be construed or interpreted to render Moore a "prevailing party" for any purpose, including, but not limited to, an award of attorney fees under any local, state or federal law. The liability of the Company, if any, for Moore's attorney's fees is extinguished by making the payments contemplated in Paragraph 1 of this Agreement.

11.  **Notice Requirements**. Each notice ("Notice") provided for under this Agreement, must comply with the requirements as set forth in this paragraph. Each Notice shall be in writing

3

and sent by e-mail or by depositing it with a nationally recognized overnight courier service that obtains receipts, addressed to the appropriate party as herein provided. The Parties' addresses for providing Notices hereunder shall be as follows:

(a) **FQSR, LLC d/b/a KBP Foods**

> J. Randall Coffey for FQSR, LLC d/b/a KBP Foods
> Fisher & Phillips LLP
> 4622 Pennsylvania Avenue
> Kansas City, MO 64112
> rcoffey@fisherphillips.com

(b) **Darinique Moore**

> Clara Lam for Darinique Moore
> Brown Kwon & Lam, LLP
> 521 Fifth Avenue, 17th Floor
> New York, NY 10175
> clam@bkllawyers.com

12. **Enforcement of the Agreement**. If either party and/or any of the other Releasees is required to file an action in order to enforce any of the terms of this Agreement or file an action for breach of the Agreement, the prevailing party in such action shall be entitled to all of its attorney's fees, court costs, and other legal expenses incurred in connection with the enforcement of the terms of the Agreement.

13. **Choice of Law**. This Agreement is made and entered into in New York and, to the extent the interpretation of this Agreement is not governed by applicable federal law, it shall be interpreted and enforced under and shall be governed by the laws of the State of New York.

14. **Severability**. Should any provision of this Agreement be held to be illegal, void, or unenforceable, such provision shall be of no force and effect. The illegality or unenforceability of any such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

15. **No Interpretation of Captions or Headings**. The captions and headings in this Agreement are for ease of reference only and are not intended to create any substantive meaning or to modify the terms and clauses either following them or contained in any other provision of this Agreement.

16. **Waiver and Compliance with Terms**. The failure to insist upon compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver of any right contained in this Agreement at any one time or more times to be deemed a waiver or relinquishment of any right at any other time or times.

17. **Neutral Interpretation**. The Parties shall be deemed to have cooperated in the drafting and preparation of this Agreement. Hence, any construction to be made of this Agreement shall not be construed against any party.

18. **Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

19. **Entire Agreement**. This Agreement contains the complete understanding between the Parties, and no other promises or agreements shall be binding unless signed by an authorized representative of the Company and Moore. In signing this Agreement, the Parties are not relying on any fact, statement, or assumption not set forth in this Agreement.

20. **Representation and Warranty of Understanding**. By signing below, the Parties represent and warrant that they: (a) have carefully read and understand the terms of this Agreement; (b) are entering into the Agreement knowingly, voluntarily and of their own free will; and (c) understand its terms and significance and intend to abide by its provisions without exception.

IN WITNESS THEREOF, the parties hereto have freely and voluntarily executed this Agreement as of the dates specified below.

**DARINIQUE MOORE**

_Darinique Watts-Moore_      3/24/2025
Darinique Moore                        Date

**FQSR, LLC d/b/a KBP Foods**

_Laura Gregory_           3/24/25
FQSR, LLC d/b/a KBP Foods       Date

By _Laura Gregory_       Sr Mgr - Risk + ER
Printed Name                     Title

6