```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
DARINIQUE MOORE, on behalf of herself                      :
and others similarly situated,                             :
                                                           :
                            Plaintiff                      :      24-CV-5835 (VSB)
                                                           :
            -against-                                      :      ORDER
                                                           :
FSQR, LLC d/b/a KBP FOODS,                                 :
                                                           :
                            Defendant.                     :
-----------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

The parties have submitted a joint letter-motion seeking approval of their proposed settlement of the retaliation claims arising under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") in the above-captioned case. (Doc. 17.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022). Rather, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015) (quoting *Pena v. San Miguel Transp., Inc.*, No. 14-CV-1463, 2015 WL 1938144, at *1 (S.D.N.Y. Apr. 7, 2015)).

In order to determine whether an agreement is fair and reasonable under the FLSA, I must:

> consider the totality of circumstances, including but not limited to the following [5] factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's length bargaining between experienced counsel'; and (5) the possibility

of fraud or collusion.

*Beckert v. Rubinov*, No. 15-CV-1951, 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

If the settlement agreement includes a provision for attorney's fees, I must separately assess the reasonableness of plaintiff's attorneys' fees. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In order to aid in this determination, counsel "must submit adequate documentation supporting the requested attorneys' fees and costs." *Id.*; *see also Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." (internal quotation marks omitted)). Even when "the proposed attorney's fees award is based on an amount other than the charged fees, the Court must still employ the lodestar method," which requires comparing "the proposed fees with the lodestar amount, a reasonable hourly rate multiplied by the reasonable number of hours needed to be spent on the case" to determine reasonableness. *Amhaz v. Booking.com (USA) Inc.*, No. 17-CV-2120, 2019 WL 9122944, at *3 (S.D.N.Y. Oct. 29, 2019), *report and recommendation adopted*, No. 17-CV-2120, 2020 WL 3498264 (S.D.N.Y. June 29, 2020).

Here, Plaintiff's counsel seeks an attorneys' fee award of one-third of Plaintiff's total recovery, but does not include any billing records or even state her billing rate or the amount of time expended on this case. In support of this approach, Plaintiff argues that "[c]ourts are increasingly declining to apply the 'lodestar cross check' to determine the reasonableness of attorneys' fees so long as the contractual contingency fee arrangement itself is reasonable." (Doc. 17 at 4–5.) Plaintiff only cites one case in support of this contention, *Puerto v. Happy Life Home Health Agency Inc.*, which notes that "[t]he very purpose of a contractual contingency fee

2

arrangement is to ensure recovery for an attorney regardless of the number of hours actually expended by the attorney." 704 F. Supp. 3d 403, 406 (S.D.N.Y. 2023) (emphasis omitted). While that may be so, the majority of courts in this Circuit conduct a lodestar cross check, *see, e.g.*, *Velez v. S.T.A. Parking Corp.*, No. 23-CV-4786, 2024 WL 552781, at *4 (S.D.N.Y. Feb. 12, 2024); *Rodriguez v. Caridad Sea Food Rest. Corp.*, No. 21-CV-6849, 2024 WL 5168041, at *2 (S.D.N.Y. Dec. 19, 2024), and the Second Circuit has not disavowed the need to examine documentation supporting attorneys' fees awards in FLSA cases, *see Fisher*, 948 F.3d at 600; *see also id.* (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983) ("All applications for attorney's fees ... should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done."); *McCann v. Coughlin*, 698 F.2d 112, 131 (2d Cir. 1983) ("Fee awards ... must be made on the basis of adequate documentation.")). I find that it is necessary to see the factual support for the requested costs and attorneys' fees in this case to determine whether the award is reasonable.

Therefore, it is hereby ORDERED that within thirty (30) days of this Order the parties submit evidence providing a factual basis for the requested costs and attorneys' fees. Such basis should include "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done," as well as billing records for any costs. *Nights of Cabiria*, 96 F. Supp. 3d at 181.

SO ORDERED.

Dated:   July 18, 2025
         New York, New York

                                           Vernon S. Broderick
                                           United States District Judge