**BROWN KWON & LAM LLP**

Brown Kwon & Lam LLP
Attorneys at Law
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
Email: info@bkllawyers.com

Writer's Direct:  clam@bkllawyers.com
(212) 295-5827

July 24, 2025

**Via ECF**
Hon. Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:  *Moore v. FQSR, LLC d/b/a KBP Foods, et al.*
           Case No. 1:24-cv-5835(VSB)

Dear Judge Broderick,

      This firm represents DARINIQUE MOORE ("Plaintiff) in the above-referenced matter. On March 26, 2025, the parties submitted a settlement agreement to the Court requesting judicial approval of the agreement and subsequent dismissal of the matter with prejudice pursuant to *Cheeks*. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *see also* Dkt. No. 17. Pursuant to the Court's Order, dated July 18, 2025, we write to respectfully submit the herein supplemental motion, as well as documentation supporting attorneys' fees and costs, to provide the Court with the requested information to determine whether the previously requested attorney's award is reasonable. *See* Dkt. No. 18.

      As mentioned in the prior pending motion, the settlement agreement seeks to resolve Plaintiff's retaliation claims pursuant to the Fair Labor Standards Act, as amended, and the New York Labor Law ("NYLL"), for the total amount of $10,263.08. Of the $10,263.08, Plaintiff's counsel is requesting a total of $3,596.41, which represents costs of $263.08, and then one-third (1/3) of the remaining settlement in attorneys' fees ($3,333.33) after first deducting costs from the settlement amount.

      The requested attorneys' fees in the amount of one-third of the settlement amount is fair and reasonable as it is a percentage routinely approved of in this Circuit for FLSA cases and is a percentage agreed upon by Plaintiff in her retainer agreement, and a contingency fee of one-third is sufficient to account for the risks associated with representation.

      However, even on a lodestar basis, Plaintiff's counsel's requested attorneys' fees and costs are fair and reasonable and should be approved by the Court as Plaintiff's counsel's lodestar far exceeds the one-third percentage recovery. *See* **Exhibit A** (Plaintiff's counsel's contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done, and an itemization of costs). Plaintiff's counsel has worked without any compensation

to date, and Plaintiff's counsel's fees have been wholly contingent upon the result achieved. As of the date of this filing, Plaintiff's counsel has spent approximately 35.4 hours investigating, researching, and litigating Plaintiff's claims, and negotiating and executing the settlement, for a lodestar of $14,160.00. *See* **Exhibit A**; *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). Moreover, Plaintiff's counsel expended $263.08 on the New York State Supreme Court of New York filing fee and service of process. *Id*. These costs are commonly reimbursed by courts in this District. *See e.g.*, *Chamoro v. 293 3rd Cafe Inc.*, No. 16 Civ. 339, 2016 U.S. Dist. LEXIS 136101, at *9-10 (S.D.N.Y. Sep. 30, 2016) (holding that court filing fees, service of process, costs of mailing, legal research, and other litigation costs are generally recoverable). As such, Plaintiff's counsel's attorneys' fees and costs are fair and reasonable and should be approved by the Court.

Based on the pending motion for settlement (Dkt. No. 17), and as supplemented herein regarding the reasonableness of the attorneys' fees and costs, Plaintiff respectfully requests that the Court approve the submitted settlement agreement and dismiss the above-referenced matter with prejudice.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ Clara Lam*
Clara Lam, Esq.
clam@bkllawyers.com

cc:    all parties via ECF