UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                               :

DARINIQUE MOORE, *on behalf of herself and* :
*others similarly situated,*                 :

                               :                 24-CV-5835 (VSB)

                       Plaintiff,     :                 **OPINION & ORDER**

                               :

              -against-           :

                               :

FQSR, LLC *d/b/a* KBP FOODS,        :

                       Defendant.    :

                               :

------------------------------------------------------------ X

Clara Lam
Brown Kwon & Lam, LLP
New York, NY
*Counsel for Plaintiff*

Amanda Blair
Fisher & Phillips LLP
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

        Plaintiff Darinique Moore ("Moore" or "Plaintiff") and Defendant FQSR, LLC

("Defendant") jointly move for judicial approval of the settlement agreement reached in this Fair

Labor Standards Act ("FLSA") case.  (Doc. 17; *see also* Doc. 17-1 (the "Settlement Agreement").)

Parties may not privately settle FLSA claims and stipulate to the case's dismissal with prejudice

pursuant to Fed. R. Civ. P. 41(a)(A)(ii) without the approval of the district court or the Department

of Labor.  *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022); *Cheeks v. Freeport*

*Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  In the absence of Department of Labor

approval, the parties must demonstrate to me that their settlement is "fair and reasonable."

*Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (internal quotation marks omitted).

On March 26, 2025, the parties moved for approval of the Settlement Agreement. (Doc. 17.)  On July 18, 2025, I ordered the parties to supplement their motion with evidence providing a factual basis for the requested costs and attorneys' fees.  (Doc. 18.)  On July 24, 2025, Plaintiff submitted a letter explaining that the requested attorneys' fees award is appropriate whether measured as a percentage of total recovery or calculated on a lodestar basis, (Doc. 19), corroborated by billing records, (Doc. 19-1).  Having reviewed the materials before me, I find that the Settlement Agreement is fair and reasonable.  Therefore, the parties' joint motion seeking an order approving the Settlement Agreement is GRANTED.  This action is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(a).

## I.    Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (citations omitted).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.*  "A reasonable hourly rate is a

rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)) (alteration in original). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Id.* at 597.

## II. <u>Discussion</u>

I have reviewed the Settlement Agreement, supporting evidence, and supplemental material in order to determine whether the terms are fair, reasonable, and adequate. I find that they are and I approve the Settlement Agreement.

### A. *Settlement Amount*

I first consider the sum provided for in the Settlement Agreement. Plaintiff's complaint alleges retaliation in violation of the New York Labor Law ("NYLL"), (Doc. 1-1 ("Compl.") ¶¶ 118–23), and FLSA (*id.* ¶¶ 124–29), as well as statutory and liquidated damages in violation of the NYLL, (*id.* ¶¶ 112–17), and other wage-and-hour violations under the NYLL, including unreimbursed uniform maintenance fees, (*id.* ¶¶ 84–98), and fair work practices provisions of the New York City Fair Workweek law, (*id.* ¶¶ 99–111). The Settlement Agreement filed by the parties and analyzed here addresses Plaintiff's retaliation claims under NYLL and FLSA. (Doc. 17 at 1.) Plaintiff's other allegations are addressed in a separate settlement agreement. (*Id.*) Caselaw confirms that such a bifurcated approach is permitted. *See Cronk v. Hudson Valley Roofing &*

*Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 324–25 (S.D.N.Y. 2021) (collecting cases); *see also Luna v. J.S. Held LLC*, No. 21-CV-03072, 2023 WL 2214012, at *3 (E.D.N.Y. Feb. 24, 2023) (same).

When seeking approval of a FLSA settlement, the plaintiff "must supply calculation addressing all possible sources of a plaintiff's potential damages." *Leonardo v. Reza Fast Food, Inc.*, No. 20-CV-8879, 2022 WL 2440975, at *2 (S.D.N.Y. July 5, 2022) (collecting cases).

The settlement amount is $10,263.08. (Doc. 17 at 2.) Plaintiff asserts that if she had prevailed on her FLSA claims, she would have received $9,600 in economic damages. (*Id.*) Plaintiff alleges she is entitled to retaliation damages equal to 20 weeks times $480 per week of backpay, for a total of $9,600. (*Id.*) This amount was calculated by assuming it would have taken 20 weeks for Plaintiff to find her next employment following the retaliation, given reasonable mitigation. (*Id.*) Although the parties do not specify in their joint filing, this $480 figure is presumably calculated by multiplying the upper limit to the number of hours Plaintiff worked per week (30) from August 2021 to September 2022, before the allegedly retaliatory action was taken (Compl. ¶ 53), by the $16 per hour that was Plaintiff's salary during from March 2022 until the termination of her employment. (*Id.* ¶ 48.) Plaintiff also sought $9,600 in liquidated damages. (Doc. 17 at 2). Under FLSA, "a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages." *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). This means that the total possible settlement award against which I should evaluate the Settlement Agreement is $19,200.[1]

Under the Settlement Agreement, Plaintiff herself would receive $10,273.08, less $3,333.33 in attorneys' fees and $263.08 in costs, (Doc. 17 at 1–2), for an actual recovery of $6,676.67, or

---

[1] Liquidated damages are typically considered as part of the overall damages when evaluating a FLSA settlement. *See, e.g., Cronk*, 538 F. Supp 3d at 322–23 (considering "liquidated damages" in evaluating the "maximum possible recovery"); *Zorn-Hill v. A2B Taxi LLC*, No. 18-CV-11165, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (same).

approximately 35% of her total possible recovery. In this District, settlements of 12 to 13 percent of the total possible recovery are the low-end of what is considered reasonable in the context of a *Cheeks* review. *See, e.g.*, *Cronk*, 538 F. Supp. at 323 (finding that a settlement representing roughly 13 percent of the possible recovery was at the low-end of reasonable).

This settlement is thus well within the range of reasonable recoveries, particularly given the litigation risks of this case. As the parties lay out in their joint submission, Plaintiff faces significant litigation risks should she continue this suit, including the costs of continued litigation and the possibility of failing to meet her burden on her claims. (Doc. 17 at 3.) These costs include "arbitration expenses," (Doc. 13), that relate to the current posture of this litigation. On August 7, 2024, Defendant moved to compel Plaintiff to arbitrate her dispute. (Docs. 7–8.) According to Defendant's motion to compel arbitration, Plaintiff agreed unambiguously to arbitrate disputes arising out of her employment in a clear, valid, and binding arbitration agreement and these are such disputes. (Doc. 8 at 8–9.) Courts regularly find that FLSA claims are arbitrable. *See Bynum v. Maplebear Inc.*, 209 F. Supp. 3d 528, 537–38 (E.D.N.Y. 2016) (collecting cases).

Plaintiff and Defendant, on August 21, 2024, filed a joint motion, (Doc. 10), to request a stay in the proceeding pending arbitration. I signed an order on August 26, 2024 granting the parties' application, and directed the parties to file a joint letter updating me on the status of the arbitration proceedings. (Doc. 11.) On November 25, 2024, the parties submitted a letter to me explaining that they had "significantly narrowed their differences," and "exchanged documents intended to facilitate settlement discussions to promote efficiency and save on arbitration expenses." (Doc. 13.) These expenses, which would be incurred by the parties should litigation continue, further support the conclusion that the settlement amount negotiated by the parties is reasonable.

Additionally, I find nothing in the record suggesting that the Settlement Agreement is tainted by fraud or collusion or that it is the product of anything less than arm's-length bargaining

between experienced counsel.  Accordingly, the settlement amount is fair and reasonable given comparable cases in this District.

### B.     *Remaining Provisions*

I have reviewed the remainder of the Settlement Agreement, and I find the remaining provisions fair and reasonable.  I address the release clause and the lack of a non-disparagement clause in further detail below.

#### 1.   Release Clause

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'"  *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).  Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic."  *Martinez v. Gulluoglu LLC*, No. 15-CV-2727, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).  For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'"  *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123, 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (collecting cases)).

The Settlement Agreement provides for a "Limited Release by Plaintiff."  (Doc. 17-1 § 4.) This release is restricted to:

> any and all retaliation causes of action, claims, demands, charges, or liabilities of any kind, whether express or implied, vested or contingent, known or unknown, which Moore has or may have against the Releasees, for any acts or omissions, including, but not

limited to, wrongful termination pursuant to retaliation and constructive discharge, and attorneys' fees and costs related to such claims arising under the New York Fair Labor Standards Act 29. US.C. 201 *et seq.* and the New York Labor Law through the date this Agreement is executed by all Parties.

(*Id.*)  Given that this release is expressly limited to retaliation claims that predate the Settlement Agreement, the terms are fair and reasonable.

### 2.  Non-Disparagement Clause

Here, the Settlement Agreement contains no confidentiality provision or non-disparagement clause.  (Doc. 17 at 3.)  This means that the Settlement Agreement does not raise the concern of a "highly restrictive confidentiality provisions" that was noted by the *Cheeks* court to be "in strong tension with the remedial purposes of the FLSA." *Nights of Cabiria*, 96 F. Supp. 3d at 177.

### C.  *Attorneys' Fees*

A district court in this Circuit, in its discretion, may calculate attorneys' fees using either the lodestar method or the percentage of the fund method.  *See McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) (citation omitted).  As a general matter, the "starting point" in determining reasonable attorneys' fees is "the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (lodestar calculation creates a "presumptively reasonable fee" (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008))).  The party seeking fees bears the burden of demonstrating that its requested fees are reasonable, *see Blum*, 465 U.S. at 897, and must provide the court with sufficient information to assess the fee application, *see N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (holding that "any attorney . . . who applies for court-ordered compensation in this Circuit for work done . . . must document the application with contemporaneous time records . . . [which] should specify, for each attorney, the date, the hours expended, and the nature of the work

7

done").  "Fees of one-third in FLSA cases are routinely approved in this Circuit."  *Manley v. Midan Rest. Inc.*, No. 14-CV-1693, 2017 WL 1155916, at *9 (S.D.N.Y. Mar. 27, 2017) (collecting cases); *see also Zorn-Hill*, 2020 WL 5578357, at *6 ("[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third of the total recovery." (collecting cases)). Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar."  *Johnson v. Brennan*, No. 10-CV-4712, 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) (collecting cases); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 482 (S.D.N.Y. 2013) (finding that "the lodestar sought by Class Counsel, approximately 6.3 times, falls within the range granted by courts").

Under the Settlement Agreement, Plaintiff's counsel will receive $3,596.41 in fees and costs, of which $3,333.33 is attorneys' fees. (Doc. 19 at 1; Doc. 17-1 at 2.)  This attorneys' fees award is one-third of Plaintiff's total recovery less costs, which is typical in this Circuit.  *See Manley*, 2017 WL 1155916, at *9.  The billing records submitted by Plaintiff's counsel indicate that Plaintiff's counsel charges a rate of $400 an hour and spent 35.4 hours on this matter, which would have amounted to a total bill of $14,160.00, plus costs.  (Doc. 19-1 at 2.)  This hourly rate falls within what courts in this District have found to be reasonable.  *See, e.g.*, *Ochoa v. Prince Deli Grocery Corp.*, No. 18-CV-9417, 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021) (calling $450/hour the "prevailing maximum rate in the Southern District").  The 35.4 hours spent by Plaintiff's counsel on this matter is also reasonable.  The proposed $3,333 fee thus represents a significant discount from the $14,120.00 sum associated with the lodestar calculation.  Given this, I find the requested attorneys' fees and costs under the Settlement Agreement to be fair and reasonable.

### III.     <u>Conclusion</u>

For the reasons stated above, I find the proposed Settlement Agreement to be fair and reasonable.  Accordingly, the Settlement Agreement is APPROVED.

This action is DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(a) and I shall retain jurisdiction solely for the purpose of enforcing the Settlement Agreement.

SO ORDERED.

Dated:          April 13, 2026
               New York, New York

_____
Vernon S. Broderick
United States District Judge

9